# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | |
| : | _____ |
| v. : | |
| : | |
| ONE JTJ-A SEMI AUTOMATIC HARD : | |
| CAPSULE FILLING MACHINE, : | |
| SERIAL NUMBER SPM1502004B; AND : | |
| ONE SRJ-5 SMALL SOFT GELATIN : | |
| CAPSULE FILLING MACHINE, : | |
| SERIAL NUMBER SPM1502004A, : | |
| : | |
| Defendants. : | |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, the United States of America, Plaintiff in the above-styled civil action, pursuant to 21 U.S.C. §§ 881(a)(9), and files this verified Complaint for Forfeiture, showing the Court as follows:

### I. INTRODUCTION

1. On or about November 10, 2016, agents with the Drug Enforcement Administration ("DEA") seized a JTJ-A Semi Automatic Hard Capsule Filling Machine, serial number SPM1502004B, and a SRJ-5 Small Soft Gelatin Capsule Filling Machine, serial number SPM1502004A ("the Defendant

1

Machines"), at 1145 E. 233rd Street, Carson, California.

2. The Defendant Machines are presently within the jurisdiction of this Court and are being held by the United States Marshals Service ("USMS") at a secure location.

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1391.

## II. FORFEITURE STATUTES

5. Pursuant to 21 U.S.C. § 802(38), "[t]he term 'regulated person' means a person who manufactures, distributes, imports, or exports . . . a tableting machine or an encapsulating machine or acts as a broker or trader for an international transaction involving . . . a tableting machine or an encapsulating machine."

6. Pursuant to 21 U.S.C. § 802(39)(B), "[t]he term 'regulated transaction' means . . . a distribution, importation, or exportation of a tableting machine or encapsulating machine."

7. Pursuant to 21 U.S.C. § 830(b)(1)(D), "[e]ach regulated person shall report to the Attorney General, in such form and manner as the Attorney General shall prescribe by regulation . . . any regulated transaction in a tableting

2

machine or an encapsulating machine.

8. 21 C.F.R. § 1310.05(c)(1) provides, in pertinent part, as follows:

> Each regulated person who imports or exports a tableting machine, or an encapsulating machine, must file a report of such importation or exportation on DEA Form 452 with the Administration through the DEA Diversion Control Division secure network application, at least 15 calendar days before the anticipated arrival at the port of entry or port of export. In order to facilitate the importation or exportation of any tableting machine or encapsulating machine and implement the purpose of the Act, regulated persons may report to the Administration as far in advance as possible. A separate report (DEA Form 452) must be filed for each shipment, in accordance with § 1310.06(e). Upon receipt and review, the Administration will assign a completed report a transaction identification number. The report will not be deemed filed until a transaction identification number has been issued by the Administration. The importer or exporter may only proceed with the transaction once the transaction identification number has been issued. Any tableting machine or encapsulating machine may be imported or exported if that machine is needed for medical, commercial, scientific, or other legitimate uses. However, an importation or exportation of a tableting machine or encapsulating machine may not be completed with a person whose description or identifying characteristic has previously been furnished to the regulated person by the Administration unless the transaction is approved by the Administration.

9. Pursuant to 21 U.S.C. § 842(a)(10), "[i]t shall be unlawful for any person . . . negligently to fail to keep a record or make a report under section 830 of this title or negligently to fail to self-certify as required under section 830 of this title."

10. Pursuant to 21 U.S.C. § 881(a)(9), all tableting machines and all

3

encapsulating machines that have been imported, exported, manufactured, possessed, distributed, acquired, or intended to be distributed, dispensed, acquired, imported, or exported, in violation of 21 U.S.C. §§ 830 and 842 are subject to seizure and forfeiture to the United States.

### III. BASIS FOR FORFEITURE

11. On or about October 18, 2016, Customs and Border Protection ("CBP") Officer Jack Tsou ("Officer Tsou") of the Advanced Targeting Unit located in Carson, California noticed an inbound container ship containing the Defendant Machines.

12. According to the shipping manifest, the Defendant Machines were being sent to Precision Biologics located at 1880 West Oak Parkway, Suite 214, in Marietta, Georgia.

13. The shipping manifest also listed telephone numbers for Precision Biologics as 404-481-8312 and 619-415-0120.

14. The shipping manifest also listed the shipper as Shanghai Pharmaceutical Machinery Co., Ltd., No. 538 Longgao Road, Jiufu Developing Area, Juiting, Shanghai, China.

15. That same day, Officer Tsou contacted DEA Office of Diversion Control, Synthetic Drugs and Chemicals Section ("ODS") Staff Coordinator Frank

4

15. Henry ("Staff Coordinator Henry") to verify whether Precision Biologics had filed the proper documentation with the DEA, as required under 21 U.S.C. §§ 802(38) and (39), 21 C.F.R. § 1310.05(c)(1), and 21 U.S.C. § 842(a)(10), to import the Defendant Machines.

16. On October 19, 2016, an individual with ODS contacted Officer Tsou and advised that Precision Biologics had not filed the required documentation with the DEA to import the Defendant Machines.

17. On October 24, 2016, Staff Coordinator Henry notified the Atlanta Division Office Tactical Diversion Squad about the shipment of the Defendant Machines.

18. On October 25, 2016, DEA Special Agent Geoffrey Furman ("Special Agent Furman") conducted research on Precision Biologics to determine if it is a legitimate company.

19. From his investigation, Special Agent Furman learned that Peyton Palaio ("Palaio") is associated with 1880 West Oak Parkway, Suite 214, Marietta, Georgia.

20. Special Agent Furman also learned that Palaio has a conviction for possession of heroin and that he has been involved in the distribution of synthetic cannabinoids.

5

21. On July 10, 2012, agents of the Georgia Bureau of Investigation and the United States Department of Homeland Security conducted a search warrant at 1880 West Oak Parkway, Suite 214, Marietta, Georgia, which was, at that time, the location of Lunar Labs, LLC and Omerta Labs, LLC, which were businesses that agents believed to be manufacturing and distributing synthetic cannabinoids.

22. During a *Mirandized* interview, Palaio told the agents that he owned both Lunar Labs, LLC and Omerta Labs, LLC.

23. Special Agent Furman served two Administrative Subpoenas on Verizon Wireless for the telephone numbers listed on the manifest, specifically, 404-481-8312 and 619-415-0120.

24. According to Verizon records, telephone number 404-481-8312 is listed in the name of Brianna Datri.

25. Verizon had no records associated with telephone number 619-415-0120.

26. A public record search reveals that telephone number 619-415-0120 is listed in the name of LIV Group, Inc. at 1880 West Oak Parkway, Marietta, Georgia, and that the CEO, CFO, and Secretary of LIV Group, Inc. is Samuel R. Palaio.

27. On October 25, 2016, Task Force Officer Matthew Lawson ("Task Force

Officer Lawson") conducted surveillance at 1880 West Oak Parkway, Suite 214, Marietta, Georgia.

28. From his surveillance, it appeared to Task Force Officer Lawson that Precision Biologics did not exist.

29. Task Force Officer Lawson observed that the door to Suite 214 was locked and that there was no nameplate on the door listing any businesses located there.

30. Task Force Officer Lawson attempted to look through a window to see if there was any indication that a business was located inside.

31. Task Force Officer Lawson observed that the windows for Suite 214 were heavily tinted, and as a result, he could not see into Suite 214.

32. Task Force Officer Lawson observed a black 2014 Lexus IS350, a black 1998 Toyota Camry, and a gray 1992 Honda Civic parked in front of Suite 214.

33. Task Force Officer Lawson performed registration checks on the license tags on the three vehicles.

34. According to the registration checks, the owners of the 2014 Lexus IS350 are Brianna Datri and Barbara Palaio; the owner of the 1998 Toyota Camry is Samuel Palaio; and the owner of the 1992 Honda Civic is Anthony Sanchez-Escalante.

7

35. On October 25, 2016, Special Agent Furman conducted a records check on the Georgia Secretary of State's website for Precision Biologics located at 1880 West Oak Parkway, Suite 214, Marietta, Georgia.

36. According to the records on file with the Georgia Secretary of State's office, a company named Precision Biologics, Inc. is a business incorporated in Wyoming with its principal office located in Roswell, Georgia.

37. According to the Georgia Secretary of State records, Jim Crafts is the CEO, CFO, and Secretary of Precision Biologics, Inc.

38. Special Agent Furman could not find any association with Palaio and Precision Biologics, Inc.

39. From his search of the Georgia Secretary of State's website, Special Agent Furman found no company registered in Georgia named Precision Biologics.

40. From his search of the Georgia Secretary of State's website, Special Agent Furman found that Palaio is the registered agent for 1880 West Oak Parkway LLC, which is located in Suite 214.

41. Based on his research, Special Agent Furman believes that Precision Biologics at 1880 West Oak Parkway, Suite 214, Marietta, Georgia, as listed on the shipping manifest for the Defendant Machines, is not a legitimate

8

business.

42. On November 8, 2016, Officer Tsou contacted Special Agent Furman and stated that the Defendant Machines would be in his possession for the next few days.

43. Officer Tsou also asked what Special Agent Furman would like him to do with the shipment.

44. On November 9, 2016, Special Agent Furman contacted Officer Tsou and recommended seizing the Defendant Machines for Palaio and/or Precision Biologic's failure to file the proper documentation with the DEA, as required under 21 U.S.C. §§ 802(38) and (39), 21 C.F.R. § 1310.05(c)(1), and 21 U.S.C. § 842(a)(10), to import the equipment.

45. On November 10, 2016, Special Agent Furman sent an official email to Officer Tsou with the specific details of the equipment to be seized.

46. That same day, Officer Tsou sent photographs of the Defendant Machines to Special Agent Furman.

47. On November 29, 2016, Officer Tsou officially seized the Defendant Machines.

48. On December 12, 2016, Special Agent Alice Cubillos-Hall of the DEA Los Angeles Field Division accepted chain of custody of the Defendant

9

Machines from Customs and Border Protection on behalf of Special Agent Furman.

49. To date, neither Palaio nor anyone on behalf of Precision Biologics has filed the required documentation with the DEA, as required under 21 U.S.C. §§ 802(38) and (39), 21 C.F.R. § 1310.05(c)(1), and 21 U.S.C. § 842(a)(10), to import the Defendant Machines.

50. On or about January 3, 2017, Shanghai Pharmaceutical Machinery Co., Ltd., by and through its General Manager Lucy Bian, filed a claim with the DEA contending that it is the owner of the Defendant Machines.

51. On or about February 7, 2017, Peyton Palaio filed a claim with the DEA contending that he is the owner of the Defendant Machines; however, the DEA rejected Palaio's claim as deficient.

52. In his claim, Palaio stated that his interest in the Defendant Machines is the "[p]urchase of machine to be used for research in the area of process scale-up of liquid single dose products. Products produced with these machines will not be sold to the public."

53. Palaio attached to the claim he filed with the DEA a Commercial Invoice showing that the cost of the Defendant Machines to be $67,437.00.

54. The Defendant Machines are subject to forfeiture to the United States

pursuant to 21 U.S. C. § 881(a)(9) on the grounds that they are encapsulating machines that were imported or were intended to be imported without the required documentation being filed with the DEA in violation of 21 U.S.C. §§ 802(38) and (39), 21 C.F.R. § 1310.05(c)(1), and 21 U.S.C. § 842(a)(10).

WHEREFORE, Plaintiff prays:

(1) that the Court forfeit the Defendant Machines to the United States of America;

(2) that the Court award Plaintiff the costs of this action; and

(3) that Plaintiff have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 21st day of April, 2017.

Respectfully submitted,

JOHN A. HORN
UNITED STATES ATTORNEY

_/s/ Michael J. Brown_
MICHAEL J. BROWN
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 064437
75 Ted Turner Drive, S.W., Suite 600
Atlanta, GA 30303
Telephone: (404) 581-6131
michael.j.Brown2@usdoj.gov

11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CIVIL ACTION NO. |
| Plaintiff, | : |
| | : _____ |
| v. | : |
| | : |
| ONE JTJ-A SEMI AUTOMATIC HARD | : |
| CAPSULE FILLING MACHINE, | : |
| SERIAL NUMBER SPM1502004B; AND | : |
| ONE SRJ-5 SMALL SOFT GELATIN | : |
| CAPSULE FILLING MACHINE, | : |
| SERIAL NUMBER SPM1502004A, | : |
| | : |
| Defendants. | : |

## VERIFICATION OF COMPLAINT FOR FORFEITURE

I, Special Agent Geoffrey Furman, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 21ST day of April, 2017.

_____
SPECIAL AGENT GEOFFREY FURMAN
DRUG ENFORCEMENT ADMINISTRATION

12