# EXHIBIT E

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
09/17/2021 at 05:27:00 PM
Clerk of the Superior Court
By Melissa Valdez, Deputy Clerk

1  Bradford G. Hughes, Esq., SBN 247141
   **CLARK HILL LLP**
2  1055 West Seventh Street, Suite 2400
   Los Angeles, CA 90017
3  Telephone:   (213) 891-9100
   Facsimile:   (213) 488-1178
4  bhughes@ClarkHill.com

5  Seta Sarabekian, Esq., SBN 299578
   **CLARK HILL LLP**
6  600 West Broadway, Suite 500
   San Diego, CA 92101
7  Telephone:   (619) 557-0404
   Facsimile:   (619) 557-0460
8  ssarabekian@ClarkHill.com

9  Attorneys for Plaintiff, JOPEN, LLC

10                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                            **COUNTY OF SAN DIEGO**

| | |
|---|---|
| **JOPEN, LLC**, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**SEBASTIAN GUTHERY**, an individual; **NINE2FIVE, LLC**, a Nevada limited liability company; and **JOHN DOES 1-10**,<br><br>Defendants. | Case No.   37-2021-00013845-CU-BC-CTL<br><br>**THIRD AMENDED COMPLAINT AND JURY DEMAND**<br><br>Assigned to:   Hon. John S. Meyer<br><br>Complaint Filed:   March 29, 2021<br>Trial Date:   N/A |

Jopen, LLC doing business as ("DBA") Innovo Activas and DBA American Kratom-D (hereafter collectively referred to as "Jopen"), by and through undersigned counsel, hereby submits its Third Amended Complaint against Defendants Nine2Five, LLC ("Nine2Five"), Sebastian Guthery ("Guthery," and together with Nine2Five, the "Named Defendants"), and John Does 1-10, and in support thereof, states and alleges as follows:

**INTRODUCTION**

This is a dispute about how the Defendants — unified in plan and purpose by their common

---

1
THIRD AMENDED COMPLAINT AND JURY DEMAND

ringleader, Sebastian Guthrey — took Jopen's money for product they promised to supply, but never did, and how the Defendants then retained and transferred Jopen's purchase money amongst their various entities, affiliates, and outlets. Defendants delivered only a fraction of the agreed upon product. Despite negotiations and many promises, Defendants have not returned to Jopen the portion of its funds it paid and got no product in return, which totals $610,000. By this action, Jopen seeks to recoup the funds it paid for product it rightfully expected, and to hold Mr. Guthrey and his collection of company shields accountable for their wrongs.

### NAMED PARTIES

1. Plaintiff Jopen is a Texas limited liability company, which conducts business in the State of Colorado. Plaintiff Jopen is doing business as ("DBA") Innovo Activas and DBA American Kratom-D (hereafter collectively referred to as "Plaintiff").

2. Defendant Guthery is an individual residing in the county of San Diego, California, with a mailing address of 4822 Chase Ct, Carlsbad, CA 92010-5658.

3. Defendant Nine2Five is a Nevada limited liability company with a mailing address of 10082 Cheyenne Dawn Street, Las Vegas, NV 89183. On information and belief, Guthery is the sole member of Nine2Five. Nine2Five is in the business of selling kratom.

### JOHN DOES 1-10

4. Upon information and belief, Guthery has established several other kratom companies affiliated with him and Nine2Five.

5. Upon information and belief, Nine2Five KK (N.I.) Ltd ("Nine2Five KK"), a company incorporated in the United Kingdom, is one of the business entities described in paragraph 4. Upon information and belief, Guthery is the Company Director of Nine2Five KK. Upon information and belief, there are at least three additional businesses associated with Nine2Five KK and affiliated with Guthery and Nine2Five: Kratom Source USA, Green Leaf Kratom, and Zen Botanicals.

6. Upon information and belief, Kratom-K ("Kratom-K") is one of the business entities described in paragraph. Upon information and belief, Kratom-K is an online kratom retail store belonging to Guthery and affiliated with Nine2Five. Upon information and belief, an additional business entity, Omega Kratom, is associated with Kratom-K. Upon information and belief, Guthery

1 wholly owns Omega Kratom.

2       7.     Upon information and belief, paragraph 4 describes additional, yet-unnamed, companies whose identity may come to light in this litigation.

## JURISDICTION

      8.     Jurisdiction is proper in the Superior Court for the County of San Diego pursuant to Section 410.10 of the California Code of Civil Procedure, because it has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist. The amount in controversy exceeds the $25,000 jurisdictional minimum of this Court.

      9.     Venue is proper in the County of San Diego pursuant to Section 395 of the California Code of Civil Procedure because Defendant Sebastian Guthery is a resident of San Diego County.

## GENERAL ALLEGATIONS

      10.     On or about July 5, 2018, Jopen and Nine2Five entered into an agreement, whereby Nine2Five promised to deliver 80,000 kilograms of kratom powder (the "Product") in exchange for Jopen's payment of approximately $1,623,000.00.

      11.     Nine2Five issued paid invoices and a transaction list to Jopen, evidencing a partially performed written agreement (the "Transaction"). A true and correct copy of the Transaction is attached hereto as **Exhibit 1** and **Exhibit 2** and incorporated herein by reference.

      12.     Pursuant to the Transaction, 10,000 kilograms of the Product is valued at approximately $200,000.00. See, e.g., Exh. 1.

      13.     Pursuant to the Transaction, Jopen made the following payments for particular amounts of Product, inclusive of shipping and handling:

    a) On or about July 10, 2018, upon Defendants' instructions, Jopen paid $204,000.00 to Nine2Five via wire transfer for 10,000 kilograms of the Product. See, e.g., Exh. 1. and Exh. 2.

    b) On or about July 25, 2018, upon Defendants' instructions, Jopen paid $204,000.00 to Nine2Five via wire transfer for 10,000 kilograms of the Product. *Id*.

    c) On or about August 2, 2018, upon Defendants' instructions, Jopen paid $204,000.00 to Nine2Five via wire transfer for 10,000 kilograms of the Product. *Id*.

d) On or about September 4, 2018, upon Defendants' instructions, Jopen paid $202,000.00 to Nine2Five via wire transfer for 10,000 kilograms of the Product. *Id.*

14. To date, Jopen has paid Nine2Five approximately $814,000.00.

15. To date, Jopen has received only approximately 10,000 kilograms of the Product.

16. Therefore, Jopen has paid a total of approximately $610,000.00 ("Unearned Funds") for Product it never received.

17. Because Nine2Five failed to deliver the Product, Jopen withheld remaining payments under the Transaction.

18. As early as September 2018, Jopen began making demands to Defendants regarding the Unearned Funds.

19. After numerous oral representations by Defendants that they would return the Unearned Funds, on January 10, 2019, Jopen sent Defendants a Notice of Termination and Breach of Purchase Agreement (hereafter "Notice"), attached hereto as **Exhibit 3** and incorporated herein by reference.

20. The Notice formally demanded payment for the Unearned Funds and included a draft Complaint and Jury Demand to be filed if the dispute was not resolved. The Notice requested Defendants' response by January 23, 2019.

21. On January 22, 2019, Defendants presented Jopen with a proposed written Agreement of Mutual Rescission, which included a promise to repay the Unearned Funds.

22. On February 6, 2019, Jopen presented Defendants with a proposed Settlement Agreement and Secured Promissory Note.

23. In response, Defendants strung along settlement discussions until April 2019, when Defendants suddenly ceased communicating with Jopen and failed to execute the settlement documents. Neither Guthery nor Nine2Five responded to Jopen's correspondence or communications after April 2019.

24. In all, from September 2018 through April 2019, Defendants made numerous oral and written representations that Defendants would pay back the Unearned Funds. Given this, Jopen delayed initiating legal action, as it reasonably relied upon Defendants' continued assurances of repayment.

25. Upon information and belief, subsequent to receiving Jopen's notice and demand, the

Named Defendants retained and/or transferred the Unearned Funds amongst John Does 1-10, their various affiliates and outlets.

26. All conditions (whether precedent, subsequent, or otherwise) to the filing of this action have been satisfied, waived, or were futile.

## ALTER EGO ALLEGATIONS

27. At all relevant times, as alleged more fully herein, Defendant Guthery acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of Defendant Nine2Five, and in doing the things alleged herein, acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendant's acts alleged herein was done with the permission and consent of the other Named Defendant.

28. At all times relevant hereto, Defendant Nine2Five was the alter ego of Defendant Guthery, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Defendants, such that any separateness between them has ceased to exist in that Defendant Guthery completely controlled, dominated, managed, and operated Defendant Nine2Five to suit his convenience.

29. Specifically, at all times relevant hereto, Defendant Guthery (1) controlled the business and affairs of Nine2Five, including any and all of their affiliates; (2) commingled the funds and assets of the corporate entities, and diverted corporate funds and assets for his own personal use; (3) disregarded legal formalities and failed to maintain arm's length relationships among the corporate entities; (4) inadequately capitalized Nine2Five; (5) used the same office or business location and employed the same employees for all the corporate entities; (6) held himself out as personally liable for the debts of the corporate entities; (7) used the corporate entity as a mere shell, instrumentalities or conduits for himself and/or his individual businesses; (8) used the corporate entity to procure labor, services or merchandise for another person or entities; (9) manipulated the assets and liabilities between other corporate entities so as to concentrate the assets in one and the liabilities in another; (10) used corporate entities to conceal their ownership, management and financial interests and/or personal business activities; and/or (11) used the corporate entity to shield against personal obligations, and in particular the obligations as alleged in this Complaint.

Case 3:25-cv-00488-DJN    Document 1-6    Filed 06/26/25    Page 7 of 13 PageID# 92

30. At all times relevant thereto, Defendant Nine2Five was not only influenced and governed by Defendant Guthery, but there was such a unity of interest and ownership that the individuality, or separateness, of Guthery and Nine2Five has ceased, and that the facts are such that an adherence to the fiction of the separate existence of these entities would, under the particular circumstances, sanction a fraud or promote injustice.

31. Jopen is informed and believes that at all relevant times mentioned herein, the acts of the business entities involved were performed by an employee, agent, officer, servant and/or representative of Guthery and Nine2Five.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(against Nine2Five and Guthery)**

32. Jopen incorporates by reference herein all previously alleged paragraphs that are set forth above in Paragraphs 1 through 31.

33. The Transaction documents establish a valid and enforceable written contract.

34. Jopen has partially performed its obligations under the contract, as evidenced by the Transaction, and its paying Nine2Five approximately $814,000.00. Any withheld payments under the Agreement are justified by Nine2Five's nonperformance of the Transaction.

35. Nine2Five partially performed by delivering 10,000 (of the paid-for 40,000) kilograms of the Product that Jopen paid for pursuant to the written contract. Nine2Five, however, breached its obligations under the Transaction by failing to tender delivery of 30,000 kilograms, the vast majority, of the Product for which Jopen paid Defendants.

36. Accordingly, Defendants Guthery and Nine2Five breached the written contract by failing to refund Plaintiff approximately $610,000.00 after Defendants failed to deliver the paid for Product.

37. Jopen has suffered damages and continues to suffer damages, in an amount to be determined at trial, as a proximate result of Guthery and Nine2Five's breach of their written agreement with Plaintiff.

38. In the event the Transaction is construed to be an oral contract, equitable tolling and

6
THIRD AMENDED COMPLAINT AND JURY DEMAND
ClarkHill\K5958\427992\264117030.v1-9/17/21

1  equitable estoppel preclude Defendants from asserting a statute of limitations defense.

2  39. From September 2018 through April 2019, Defendants made numerous oral and written representations that Defendants would pay back the Unearned Funds. In January 2019, Defendants presented Jopen with a proposed Settlement Agreement and Secured Promissory Note. This further reasonably mislead Jopen into believing that the dispute could be resolved without filing suit.

40. Given this, Jopen delayed initiating legal action, as it reasonably relied upon Defendants' continued assurances of repayment. Defendants strung along settlement discussions until April 2019, when Defendants suddenly ceased communicating with Jopen and failed to execute the settlement documents. Neither Guthery nor Nine2Five responded to Jopen's correspondence or communications after April 2019.

41. Based on the foregoing, the statute of limitations period was equitably tolled until at least April 2019 and, therefore, Defendants are equitably estopped from claiming a statute of limitations defense.

42. Defendants received timely notice that Jopen was seeking a return of the Unearned Funds as early as September 2018. Furthermore, on January 10, 2019, Jopen sent a formal Notice to Defendants demanding payment for the Unearned Funds, which included a draft Complaint and Jury Demand to be filed if the dispute was not resolved. On February 6, 2019, Jopen presented Defendants with a proposed Settlement Agreement and Secured Promissory Note. In response, Defendants strung along settlement discussions until April 2019, when Defendants suddenly ceased communicating with Jopen and failed to execute the settlement documents. Neither Guthery nor Nine2Five responded to Jopen's correspondence or communications after April 2019.

43. In all, from September 2018 through April 2019, given Defendants' continued written and oral assurances for the repayment of the Unearned Funds, Jopen acted reasonably and in good faith by attempting to resolve this matter informally via settlement resolution instead of filing a lawsuit. In light of this, Defendants are not prejudiced in any way by this action.

**SECOND CLAIM FOR RELIEF**
**CONVERSION OF PROPERTY**
**(against Guthery and Nine2Five)**

44. Jopen incorporates by reference herein all previously alleged paragraphs that are set forth above in Paragraphs 1 through 43.

45. Guthery and Nine2Five's actions and omissions constituted a wrongful taking, detention, and conversion of Jopen's rightfully owned property, $610,000.

46. Guthery's and Nine2Five's exercise of exclusive control and dominion over Jopen's property after Jopen repeatedly demanded its return was wrongful and without legal right, title, or interest.

47. Guthery and Nine2Five asserted such control and dominion with the intent to permanently deprive Jopen of its property.

48. Jopen did not consent to the deprivation of its property by Defendants.

49. Jopen incurred damages as a direct result of Guthery's and Nine2Five's actions.

50. Guthery's and Nine2Five's theft and the resulting damages to Jopen were attended by circumstances of negligence, fraud, and willful and wanton misconduct.

### THIRD CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (against Guthery and Nine2Five)

51. Jopen incorporates by reference herein all previously alleged paragraphs that are set forth above in Paragraphs 1 through 50.

52. Jopen provided a material benefit to Nine2Five in the form of approximately $814,000.00.

53. Nine2Five only provided Product worth approximately $204,000.00.

54. Guthery and Nine2Five retained approximately $610,000.00, despite promising to pay those funds back to Jopen so that Jopen would forego formal legal action.

55. Guthery and Nine2Five have failed to pay the approximately $610,000.00 they promised to pay.

56. Guthery and Nine2Five have ignored Jopen's demands for return of its Unearned Funds.

57. Under the circumstances, it would be wholly inequitable, and to Plaintiff's detriment, to allow Guthery and Nine2Five to retain the benefit of the $610,000.00 paid after Jopen's delay in

initiating legal action to recoup the same after Defendants' repeated promises to repay Jopen.

**FOURTH CLAIM FOR RELIEF**
**ACCOUNT STATED**
**(against Guthery and Nine2Five)**

58. Plaintiff incorporates by reference herein all previously alleged paragraphs that are set forth above in Paragraphs 1 through 57

59. Nine2Five owes Plaintiff $610,000.00 from written financial transactions (the "Account") agreed to on July 25, 2018, August 2, 2018, and September 4, 2018.

60. Jopen, on the one hand, and Guthery and Nine2Five, on the other hand, as evidenced by the Transaction documents produced by Defendants, agreed that the amount stated in the Account was the correct amount owed to Plaintiff.

61. Defendants' shipment of 10,000 kilograms of the Product after Jopen's July 10, 2018 $204,000 payment to Defendants evidences prior transactions and the relationship of debtor (Defendants) and creditor (Jopen) between the parties.

62. Guthery and Nine2Five, by words and conduct, and in writing, promised to pay the aforementioned amount to Jopen.

63. Neither Guthery nor Nine2Five ever disputed or objected to the amount stated and owed to Plaintiff: $610,000.00.

64. Neither Guthery nor Nine2Five has paid Jopen the amount owed.

65. Nine2Five and Guthery owe Plaintiff $610,000.00, due with interest accruing since the aforementioned dates, on the Account.

**FIFTH CLAIM FOR RELIEF**
**OPEN BOOK ACCOUNT**
**(against Guthery and Nine2Five)**

66. Plaintiff incorporates by reference herein all previously alleged paragraphs that are set forth above in Paragraphs 1 through 65.

67. Nine2Five owes Plaintiff $610,000.00 from financial transactions (the "Account") agreed to on July 25, 2018, August 2, 2018, and September 4, 2018.

68. Plaintiff and Defendants, in the regular course of business, kept written accounts of the

debits and credits of the Transaction.

69. Defendants never disputed or objected to the amount stated and owed to Plaintiff: $610,000.00.

70. Defendants owe Plaintiff on the open book account.

71. Defendants owe Plaintiff $610,000.00, due with interest accruing since the aforementioned dates, on the Account.

### SIXTH CLAIM FOR RELIEF
### FRAUDULENT TRANSFER (Civil Code § 3439)
### (against Guthery and Nine2Five)

72. Plaintiff incorporates by reference herein all previously alleged paragraphs that are set forth above in Paragraphs 1 through 71.

73. Jopen has a right to payment from Defendants for $610,000, plus accrued interest.

74. Upon information and belief, Defendants Guthery and Nine2Five have transferred Jopen's property as their own to John Does 1-10 and for which Guthery and Nine2Five did not receive a reasonably equivalent value in exchange for the transfer.

75. Upon information and belief, Guthery and Nine2Five transferred Jopen's property as their own after formal notice was provided to them that they, and the property, were subject to Jopen's legal claims.

76. Upon information and belief, Guthery and Nine2Five transferred Jopen's property as their own with the intent to prevent Jopen from reaching the property in satisfaction of the noticed legal claims.

77. Guthery and Nine2Five were insolvent at the time, or became insolvent as a result, of the transfer.

78. Jopen has been harmed as a result of the transfer because it has been deprived of its $610,000 plus accrued interest.

79. Plaintiff incorporates by reference herein all previously alleged paragraphs that are set forth above in Paragraphs 1 through 76.

80. Guthery, Nine2Five, and John Does 1-10 collectively agreed to retain and/or transfer

Jopen's stolen property for their benefit.

81. Guthery, Nine2Five, and John Does 1-10 retained and/or transferred Jopen's stolen property for their benefit.

82. Jopen is damaged in an amount to be proven at trial as a proximate cause of Guthery's, Nine2Five's, and John Does 1-10's retention and/or transfer of Jopen's stolen property for their benefit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jopen, LLC respectfully requests an entry of judgment in its favor, and jointly and severally against Defendants Nine2Five, LLC and Sebastian Guthery, and that Plaintiff according to proof be awarded:

a) Actual damages including accrued interest;

b) Consequential damages;

c) Attorney fees and costs as allowed by contract or law;

d) Special and punitive damages as allowed by statute or other applicable law; and

e) Such other further relief this Court deems just, proper, and equitable.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial for all triable issues.

Dated: September 17, 2021            CLARK HILL LLP

By: _____
Bradford G. Hughes
Seta Sarabekian
Attorneys for Plaintiff, JOPEN, LLC

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
09/17/2021 at 05:27:00 PM
Clerk of the Superior Court
By Melissa Valdez, Deputy Clerk

*Jopen, LLC vs. Sebastian Guthery, et al.*
San Diego Superior Court Case No. 37-2021-00013845-CU-BC-CTL

# PROOF OF SERVICE

STATE OF CALIFORNIA

    I am employed in the County of San Diego, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 600 W. Broadway, Ste. 500, San Diego, California 92101.

    On September 17, 2021, I caused to be served the following document(s) described as:

**THIRD AMENDED COMPLAINT and JURY DEMAND**

on the interested parties in this action as follows:

| | |
|---|---|
| Hillary Johns, Esq.<br>D. Alexander Floum, Esq.<br>HILLARY JOHN, TRIAL LAWYER<br>9461 Charleville Boulevard, No. 742<br>Beverly Hills, CA 90212<br>T: (310) 492-4009 / F: (310) 460-0222 | Attorneys for Defendants SEBASTIAN GUTHERY and NINE2FIVE, LLC<br>hjohnsesq@gmail.com<br>alex@hillarytriallawyer.com<br>lyndsey@hillarytriallawyer.com<br>glenda@hillarytriallawyer.com |

☐ **BY U.S. MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, with postage thereon fully prepaid for first-class mail, in the designated outgoing mail receptacle at Clark Hill LLP for collection by another employee who is responsible in the normal course of business for depositing the stamped envelopes for mailing this same day in the United States Mail at San Diego, California. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY E-MAIL/ELECTRONIC MAIL:** I caused the above-referenced document to be transmitted via e-mail to the parties as listed on this Proof of Service.

☐ **BY FEDERAL EXPRESS (Overnight):** I am familiar with the firm's practice of collecting and processing correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal Express on that same day at San Diego, California and delivered to the parties as listed on this Proof of Service the following business morning.

☐ **BY PERSONAL SERVICE:** I caused the above-referenced document(s) to be personally delivered by providing them to a messenger company for service.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on September 17, 2021, at San Diego, California.

*/s/ Susan Najjar*
Susan Najjar

---

1
PROOF OF SERVICE